FLOURNOY V. SHELTON & CO., ET AL,

TAYLOR V. SHELTON & CO., ET AL.

1. LABORER'S LIEN : *Overseer of farm.*
  A farm overseer is not a laborer within the meaning of the laborer's lien laws of this State.

APPEAL from *St. Francis* Circuit Court.
Hon. M. T. SANDERS, Circuit Judge.

O. P. *Lyles* for appellant.

In *Dano v. M. & L. R. R. R.,* 27 *Ark.,* 564, there was an attempt to construe the laborer's lien law of 23d of July, 1868.

In that decision, the court seems to have adopted Mr. Webster's definition, which says :

" A laborer is one who labors in a toilsome occupation, a man who does work that requires but little skill, as distinguished from an *artisan.*"

The plaintiff in his complaint describes the work and labor by him performed, and says he plowed some, hoed some, and fixed plows and hoes, and did work and labor all over the plantation, &c., &c.   See the complaint.

Is he an *artisan ?*   We think not.   Was it the intention of the legislature to leave him unprotected and refuse him a lien simply because his labor was worth $400 per annum instead of $100 ?   We think that such could not have been the intention of the legislature.

The case of *Burge v. Davis,* 34 *Ark.,* 179, only decides that the laborer has a lien only as against that part of the crop owned by his employer.

In *Taylor & Radford v. Hathaway,* 29 *Ark.,* 597, this court simply reversed the case because the jury found *no amount* in the J. P. or Circuit Court.

MAY TERM, 1884. 169

Flournoy v. Shelton & Co. et al.   Taylor v. Shelton & Co. et al.

We now come to consider the Act of the Assembly of the 6th of March, 1875. See Acts of 1874 and 1875, page 230.

We contend that this act did not appeal or modify the law in Gantt's Dig., section 4092, because said section 4092 gives a lien to all laborers. The Act of the 6th of March, 1875, does not cover the whole subject, but is exclusively in reference to contracts made beyond the limits of this State, leaving Gantt's Digest exactly where it found it. See *Pulaski County v. Downer*, 10 *Ark.*, 588.

The law in Gantt's Dig., and the Act of 6th of March, 1875, may both stand. See *State, use Higginbotham's Admr., Watts et als.*, 23 *Ark.*, 305; *Osborn ex parte*, 24 *Ark.*, 479; *Reynolds v. Holland, Sheriff*, 35 *Ark.*, 56; *Babcock v. The City of Helena*, 34 *Ark.*, 499.

*Sanders & Husbands* for appellees Estes, Doan & Co.

1. An overseer or manager is not a *laborer* within the meaning of the statute. 27 *Ark.*, 564; *Isbell v. Dunlap & Ward*, 17 *S. C.*, 583.

2. The within contract was not acknowledged and filed as required by Acts of 1875, which was intended as a substitute for the Act of 1868. It covers the entire subject, and was evidently intended as a substitute. 37 *Mich.*, 217; 10 *Ark.*, 590; 31 *Ib.*, 17; 58 *Ind.*, 333; 1 *Dakota*, 63; 7 *Otto*, 546; 11 *Wall*, 88; 9 *U. S. Dig.*, 694; *Bishop on Written Laws*, 158.

SMITH, J. These were actions by overseers or managers of plantations to enforce laborer's liens for their wages. The defendants in both cases were A. G. Shelton & Co., the plaintiff's employers, and Estes, Doan & Co., the purchasers of the crops. Estes, Doan & Co., demurrered to the complaint because the services rendered were not such as are contemplated by the statutue, giving laborers a lien upon he production of their labor; and,

Flournoy v. Shelton & Co. et al.   Taylor v. Shelton & Co. et al.

2. The contracts upon which the labor was performed were for a longer period than one month and the same were not acknowledged and filed as required by law. The demurrers were sustained and the plaintiffs declining to amend, final judgments were rendered discharging Estes, Doan & Co.

LABORER'S LIEN.

The laborer's lien law (*Gantt's Dig., Secs.* 4079-97) has been construed by this court in *Dana v. M. O. & R. R. R. Co.,* 27 *Ark.,* 564 and *Taylor, Radford & Co. v. Hathaway,* 29 *Id.,* 597. In these cases it was adjudged that the act, providing as it does for a remedy summary in its character and contrary to the course of the common law, must receive a strict construction; and that the claimant of the lien must bring himself strictly within the terms of the Act. The plaintiff must perform manual labor and there must be some product of his labor to which the lien must attach. "An overseer is one who is employed not to labor himself, but to overlook and direct the labor of those who are employed to do the manual work of planting, cultivating and gathering a crop, and it would be a confusion of terms to call such a person a laborer." *Isbell v. Dunlap,* 17 *S. C.,* 581 ; *Whitaker v. Smith,* 81 *N. C.* 340. Same case 31 *Am. Rep.,* 503.

Farm overseer not a laborer.

We need not consider the record cause of demurrer. That involves the question whether the Act of July 23, 1868 is repealed by implication by the Labor Act of March 6th, 1875. A farm overseer is not a laborer within the meaning of said Acts.

The affirmance of these judgments is without predjudice to the right of the plaintiffs to proceed against their employers for a personal judgment. No service appears to have been had upon A. G. Shelton & Co., nor did they enter an appearance.

Affirmed.