St. Louis & North Arkansas Railroad Co. v. Rogers.

Opinion delivered March 5, 1904.

1. Railroad—lien—services for contractor.—One employed by another having a contract to build a railroad to keep store and sell goods and keep accounts for him, to keep accounts between him and the laborers employed in building the railroad, to feed his live stock, and to build shanties for the laborers to live in, cannot enforce a lien against the railroad company therefor as for valuable services performed, under Acts 1899, p. 145. (Page 271.)

2. Same—labor of minor son.—A father whose minor son performed labor on the roadbed of a railway company is entitled to a lien therefor, under Acts 1899, p. 145. (Page 272.)

Appeal from Carroll Circuit Court.

John N. Tillman, Judge.

Reversed.

*J. V. Walker,* for appellant.

O'Connor was a necessary party to the action. 59 Tex. 587; 62 Tex. 70. The act of 1889 is in derogation of the common law, and creates a charge against property without the assent of the owner, and must be strictly construed. 54 Ark. 522; 51 Ark. 315; 59 Ark. 84; 65 Ark. 183; 42 Fed. 475; 65 Md. 99; 23 Fed. 703; 3 Elliott, Railroads, 1068.

*Chew & Fitzhugh,* for appellees.

O'Connor was not a necessary party. 1 Foster, Fed. Pr. §§ 50, 52, 59; 62 Tex. 70; 54 Fed. 598; 81 Va. 125. The act of 1887 construed. 59 Ark. 81; 65 Ark. 183. The provisions of

the act of 1889 have no application to contracts prior to the passage of the act.    70 Ark. 262; 71 S. W. 267.   Who entitled to a lien under the act?   44 N. W. 47; 39 Wis. 260; 42 Fed. 470; 54 Fed. 723; 37 S. W. 135.

Battle, J.   The St. Louis & North Arkansas Railroad Company undertook to build and construct a railroad from Eureka Springs to Harrison in this state.   J. B. Colt & Son Co. were employed to build the same, and it employed William O'Connor to construct a small part of the roadbed of the railway. While he was in the performance of his contract, O'Connor owned and kept a stock of goods, wares and merchandise to sell to the laborers in his employment and others, and employed J. L. C. Rogers and his minor son to sell the same.   J. L. C. Rogers was also employed to keep the time of the laborers in O'Connor's employment, and to keep the accounts between him and such laborers, and the account for goods, wares and merchandise sold. He and his son rendered services in the performance of this contract.   The son, in addition thereto, performed six or eight days' work on the roadbed of the railway, and J. L. C. Rogers "looked after the feed of O'Connor's live stock," and worked five or six days in setting up camp and building shanties for the laborers to live in."   For these services he claimed that there was owing to him the sum of $258.75.   He brought a suit in the Carroll circuit court against the railroad company, and thereby sought to establish and enforce a lien on its railroad for the payment of this sum.   The court found that he was entitled to recover the $258.75 for such services, and entitled to a lien on the railroad for the same, and rendered a decree accordingly; and the railroad company appealed.

Appellee, Rogers, bases his claim for a lien for services, except labor on roadbed, on so much of the act entitled "An act to amend sections 6251, 6252 and 6253 of Sandels & Hill's Digest," approved March 31, 1899, as is as follows: "And every person who performs any valuable services, manual or professional, for any railroad, by or from which such railroad receives a benefit, shall have a lien on said railroad * * * for said services," etc.   To recover under this clause the services must be performed for the railroad company, and beneficial to it. The services of appellee and son were rendered O'Connor, and he

received the entire benefit from them.    He is therefore not entitled to a lien on the railroad for such services.

He is however entitled to a lien on the railroad for the six or eight days' labor performed by his son on the roadbed.

The decree of the circuit court is reversed, and the cause is remanded, with instructions to the court to enter a decree in accordance with this opinion.