OZARK & CHEROKEE CENTRAL RAILWAY COMPANY *v.* MORAN BOLT & NUT MANUFACTURING COMPANY.

Opinion delivered April 15, 1905.

RAILROAD—MECHANIC'S LIEN.—One who furnishes material for the construction of a railroad has a lien thereon, whether the material was sold to the railroad company or to its contractor.

Appeal from Washington Circuit Court.

JOHN N. TILLMAN, Judge.

Affirmed.

*W. L. Stucky,* for appellant.

There is no lien for the claim of appellee under the statutes. 3 Elliott, Railroads, § § 1067, 1074.

*J. D. Walker,* for appellee.

The finding of fact by the court is as conclusive as the findings of a jury. 40 Ark. 208; 58 Ark. 621. Bright was not a necessary party. 43 Ark. 220; 50 Ark. 215; 61 Ark. 515.

RIDDICK,·J.   This is an action at law brought by the Moran Bolt & Nut Manufacturing Company of St. Louis against the Ozark & Cherokee Central Railway  Company to recover judgment on an account for bolts, spikes and other material sold to the North Arkansas & Western Railway Company to be used in the construction of the railroad.   Plaintiff alleged that the name of the North Arkansas & Western Railway Company had, since the sale of such goods to it by the plaintiff, been changed to the Ozark & Cherokee Central Railway Company, which latter company had succeeded to all the rights and liabilities of the former company.   It is admitted by counsel for the defendant company that it is liable if the material was sold to the North Arkansas & Western Railway Company; but ·it denies that such company purchased any material from plaintiff, and alleges that plaintiff sold the material to one Bright, a contractor, who had the contract for the construction of the railroad of the defendant.   The case was submitted to the court without a jury, who found the issues in favor of the plaintiff; and we are of the opinion that the evidence supports the finding, both on the point that the action was brought within one year after the right of action accrued,  and on the question of whether the material was sold to the company or to the contractor, Bright.   On the last point, the evidence, we admit, is very far from being conclusive; but the testimony of Bright shows beyond question that this material was used in the construction of ·the defendant's railroad, and it follows that plaintiff has a lien on the road for the price thereof, whether it was sold to the company. or its contractor.   *St. Louis, I. M. & S. Ry. Co.* v. *Love,* 74 Ark. 528.

On the whole case, we are of the opinion that the judgment must be affirmed, and it is so ordered.