ROBERTS v. OWEN.

Opinion delivered January 26, 1931.

*Ingram & Moher,* for appellant.
*W. A. Leach,* for appellee.

KIRBY, J., (after stating the facts). Appellant urges that the court erred in allowing the redemption under the terms of the five-year statute of limitations, (§§ 5642-44, C. & M. Digest), and in not holding the right of redemption barred in two years under the new statute, § 2, act 359 of 1925, which reads as follows:

"Hereafter all persons shall have the right to redeem from the sale for taxes of road, drainage, levee or other improvement districts at any time within two years from the date when such lands are sold by the commissioner making the sale and not thereafter; provided, that the provisions of this section shall not apply to property which shall have become delinquent or have been forfeited prior to the passage of this act." Although this act was in force when the foreclosure suit was brought on the 6th day of May, 1927, and conceding without deciding that it relates to sales of lands within special improvement districts in cities and towns, the majority is of opinion that it has no application here, since it is expressly declared in the act: "That the provisions of this section shall not apply to property which shall have become delinquent or have been forfeited prior to the passage of this act." The terms "delinquent" and "forfeited" have a well-defined meaning in our taxation statutes, §§ 5673 and 6695, C. & M. Digest; and it was evidently the intention of the Legislature to except from the provisions of this act, which limits the time for redeeming such property to two years, both lands that had become delinquent or had forfeited prior to the passage thereof, leaving the time of redemption 5 years as fixed by the statute in force at the time the lands became delinquent or were forfeited. The disjunctive conjunction "or" is used in its ordinary meaning and acceptation (Webster's New International Dic-

tionary, 1925 ed.; *Pappano Hirst Club* v. *Bryan,* 52 A. L. R. 51; 29 Cyc. 1502), and is not to be construed to mean "and" in arriving at the legislative intention. If it were not so, the Legislature would have excepted only forfeited lands from the provisions of the new statute.

The court therefore correctly held that the owners of the lots were entitled to redeem within five years from the time of the sale of the forfeited lands for the assessments due for the years before the passage of the new act; and, even if it be held that the new act repeals the old, so far as the time of redemption is concerned, since the sale was made for both taxes delinquent for the years before the passage of the last act and for the years that they were delinquent after the passage of the new act, if it be held to repeal the old act in redemption of the lands, the owners would still be required to pay the amount of all the taxes for which the lands were sold, because they were delinquent and subject to sale for the years both before and after the passage of the new act.

The decree is correct therefore if the owners are required to pay all the taxes for which the lands were sold in the redemption thereof; but it is not clear in that respect, and the cause is therefore remanded, with directions to modify the decree so as to clearly impose that requirement. It is so ordered.