whether or not the utility shall be purchased, in the manner and under the conditions set forth in this Act.

"Provided, further, that notwithstanding any provisions of this Act, and notwithstanding any provision of its Special Charter, if such city or town is acting under authority of House Bill No. 984, passed by the Regular Session of the 42d Legislature, the requirements of this Act in reference to notice, competitive bids and the right to referendum shall not apply until after June 1, 1932."

It will be noted that the above statute stipulates "provided, that in making such contracts or agreements or encumbrances and in issuing revenue bonds, warrants or other obligation to be paid out of the property and income from such system or systems, the governing body of such city or town shall comply with the provisions of this Act in regard to notice and competitive bids and the right to a referendum of such question." Such language is plain and unambiguous and leaves no room for construction. Certainly the plain language of section 11 makes it necessary to obey the provisions of chapter 163 of the 1931 act "in issuing revenue bonds" under "articles 1111 to 1118, both inclusive."

In conclusion, it will be noted that we have not discussed or construed article 1118a, Vernon's Ann. Civ. St. This is because, as we understand this record, the city of Dayton is claiming no rights thereunder in this proceeding, and further because, as we further understand this record, such statute has no application to this proceeding.

We recommend that the mandamus prayed for by relators be refused.

CURETON, Chief Justice.

The opinion of the Commission of Appeals is adopted and the mandamus refused.

## FALLWELL v. STATE.
### No. 16538.

Court of Criminal Appeals of Texas.
Feb. 14, 1934.

J. W. Culwell, of Amarillo, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The appellant was tried and convicted of the offense of receiving and concealing stolen property, and his punishment assessed at confinement in the state penitentiary for a term of two years.

The record is before us without a statement of facts or bills of exception. No defect either in the indictment or procedure has been pointed out or has been perceived. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.