W. B. WORTHEN COMPANY *v.* DELINQUENT LANDS.

4-3635

Opinion delivered October 15, 1934.

*Rose, Hemingway, Cantrell & Loughborough,* for appellants.

*S. L. White,* for appellees.

HUMPHREYS, J. This is an appeal from a decree of foreclosure in favor of appellants of certain lands in Improvement District No. 513 of the city of Little Rock, Arkansas, on account of the failure to pay delinquent assessment of benefits to appellants. Appellants are appealing from the decree in their favor because the court refused to incorporate into the decree a penalty of 20 per cent., costs, a reasonable attorney's fee, and, if payment were not made within ten days, the property should be sold on 20 days' notice, and that, if the owner did not redeem from the sale within two years by the payment of the purchase price and 10 per cent. interest, the commissioner should deliver to the purchaser a deed, and that, immediately upon the delivery of the certificate of purchase after the sale should be confirmed, the purchasers should have possession pending redemption without accountability for rents. These requested provisions were in accordance with the statutes in force and effect at the time the district was organized in 1930, and at the time the bonds were issued and sold to construct the improvement. These remedial provisions of the statutes were amended or repealed by acts 278, 252 and 129 of the Acts of the Legislature of 1933 so as to provide a penalty of 3 per cent., no attorney's fee, twelve months for payment, six months' notice of sale, redemption within four years by payment of the purchase price and 6 per cent. interest, and no right to possession without accountability for rents pending redemption.

In rendering the decree of foreclosure, the court followed the remedial provisions contained in acts 278, 252 and 129 of 1933, so the only question presented upon appeal and insisted upon by appellants for a reversal of the decree, is whether the later acts are in contravention of article 2, § 17, of the Constitution of Arkansas and article 1, § 10, of the Constitution of the United States, which forbid the passage of any law impairing the obligation of contracts, and of the Fourteenth Amendment to the Con-

stitution of the United States, which forbids any State to deprive any person of his property without due process of law. An inspection of the acts of 1933 called in question will disclose that they are entirely remedial in their nature and do not attempt to take away any of the vested rights of appellants such as their lien and right to foreclose same, but simply reduce the penalty and extend the time required to foreclose in case of default and to redeem from a sale and are, in our judgment, reasonable changes to meet the exigencies of the depression and to give property owners a reasonable time and opportunity to save their homes. The constitutionality of act 278 of 1933 was attacked from every conceivable angle in the case of *Sewer Improvement District No. 1 of Wynne* v. *Delinquent Lands,* 188 Ark. 738, 68 S. W. (2d) 80, and this court upheld the act. In deciding that case the authorities were fully reviewed, and it is unnecessary to review them again. Suffice it to say that the case referred to governs and controls the instant case. There is no difference between the three acts in tenor and effect; so the reasoning as to the validity of act 278 is applicable to acts 252 and 129.

No error appearing, the decree is affirmed.

McHaney, J. I dissent for the reasons stated in my dissenting opinion in *Sewer Imp. Dist. No. 1 of Wynne* v. *Delinquent Lands,* 188 Ark. 738, 68 S. W. (2d) 80, and am authorized to say that Mr. Justice Smith and Mr. Justice Baker concur therein.

Johnson, C. J., (concurring). I concur in all that is said in the court's opinion and in addition thereto I assign the following reasons supporting or tending to support the opinion: Act 278 of 1933 was before us for consideration in *Sewer Imp. Dist. No. 1 of Wynne* v. *Delinquent Lands,* 188 Ark. 738, 68 S. W. (2d) 180, and we there declared its provisions not in conflict with the State or Federal Constitutions, and I have nothing to add to the opinion in that case. Acts 252 and 129 of 1933 have not been before us prior to the opinion herein, therefore these elucidations.

Act 252 of 1933 has the effect of allowing property owners in all municipal improvement districts in this State four years from date of judicial sale in which to redeem. Appellant's contention is that this act increased the period of redemption from two years (which was allowed under the law when their bonds were issued) to four years, thereby impairing the obligations of their contract. This contention is without merit. Section 5644 of Crawford & Moses' Digest, which is a section of the municipal improvement district act of 1915, by plain terms gives to property owners in all such districts five years in which to redeem from such sales. Appellants contend however, that the time given an owner to redeem, by the section *supra,* was reduced to a period of two years by act 359 of 1925. Section two of said act of 1925, which is asserted to have effected the change from five years to two years is as follows:

"Hereafter all persons shall have the right to redeem from the sale for taxes of road, drainage, levee of [or] other improvement districts at any time within two years from the date when such lands are sold by the Commissioner making the sale, and not thereafter; provided, that the provisions of this section shall not apply to property which shall have become delinquent or have been forfeited prior to the passage of this act."

In *Roberts* v. *Owen,* 183 Ark. 6, 34 S. W. (2d) 752, we expressly declined to determine whether act 359 of 1925 was applicable to municipal improvement districts, and this question has not yet been decided. If the act of 1925 is not applicable to municipal improvement districts, property owners in such districts had five years to redeem when appellant's bonds were issued and sold, and act 252 of 1933 of which appellant now complains had the effect of reducing the period of redemption instead of increasing it as urged by appellant.

Section 2 of act 359 of 1925 needs no interpretation. It provides that it is applicable to "road, drainage, levee of [or] other improvement districts." Had it been intended to apply to paving, sewerage, water and such municipal districts, the Legislature could and would

have so said in plain language. The only conceivable reason asserted as to its applicability to municipal improvement districts is ''of [or] other improvement districts,'' but this phrase has reference to other improvement districts of the same kind as those specifically enumerated. The rule of *ejusdem generis* has ever been applied by us under such circumstances. *Jones* v. *State,* 104 Ark. 261, 149 S. W. 56; *State* v. *Gallagher,* 101 Ark. 593, 143 S. W. 98; *Lee* v. *Huff,* 61 Ark. 494, 33 S. W. 846; *Eastern Ark. Hedge Fence Co.* v. *Tanner,* 67 Ark. 156, 53 S. W. 886; *Matthews* v. *Kimball,* 70 Ark. 451, 66 S. W. 651, 69 S. W. 547; *St. L. I. M. & S. R. Co.* v. *Love,* 74 Ark. 528, 86 S. W. 395; *State* v. *C. R. I. & P. Ry. Co.,* 95 Ark. 114, 128 S. W. 555; 25 R. C. L., § 240, p. 996.

It appears therefore that act 359 of 1925 is not applicable to municipal improvement districts, and for this reason act 252 of 1933 shortened the period of redemption instead of increasing it, and appellant certainly cannot complain of this. Act 129 of 1933 repeals § 5642 of Crawford & Moses' Digest. This repealed section provides: ''In all sales made by commissioners under decrees of chancery courts for foreclosure of delinquent special assessments in drainage, levee, and bridge districts, improvement districts in cities and towns, and in all special assessment districts of every kind, the court may approve the sale subject to the right of redemption, and immediately upon such approval the purchaser shall have the right to possession of the lands and premises so sold and may have process therefor, and such purchaser while so in possession shall not be accountable for rents upon redemption.''

The language of the section: ''The court may approve the sale subject to the right of redemption, and immediately upon such approval the purchaser shall have the right to possession, etc.,'' clearly vests in the chancery courts of the State a discretionary power in the approval of all sales effected in such courts by municipal improvement districts. It is common knowledge that such sales are not approved in many instances until the time for redemption has expired. No one would assert

that the chancery courts could be subjected to mandamus under this section of the statute and compelled to approve a report of sale prior to the expiration of the period of redemption. Such being the law, appellant took no vested right by reason of said section and cannot complain of its repeal.

After further consideration, I am authorized to say that Justices BUTLER, MEHAFFY and HUMPHREYS concur in these views.