ARKANSAS MORTGAGE & SECURITIES COMPANY *v.* STREET
IMPROVEMENT DISTRICT No. 419.

4-4137

Opinion delivered October 21, 1935.

E. B. Dillon and W. R. Morrow, for appellants.

S. S. Jefferies, for appellee.

BAKER, J.  This suit was filed in the chancery court
of Pulaski County by Street Improvement District No.
419 against certain delinquent lands and W. B. Worthen
Company, as trustee under pledge of Street Improvement
District No. 419.  In addition to the fact that certain
lands had become delinquent by failure to pay assess-
ments or installments due, plaintiff pleaded that the
authority for the suit was contained in act 112 of the
Acts of 1933, and that each and every requirement and
provision of said act had been fully and completely
complied with.

The plaintiff pleaded that, as to the W. B. Worthen
Company, trustee, in the amounts set opposite the de-
scribed tracts of land, under the heading "Tax," there
was no computation of interest during the period of time
elapsing from the date the assessment fell due and the

date the delinquent list was certified by the city collector to the chancery clerk; that it was impractical and unnecessary to compute interest for the period of time set out, and that it was the judgment of the commissioners of said district that there would be ample funds to pay all bonds outstanding, with interest thereon, by adding interest from date of bonds to the maturity date of each annual installment, without computing said interest to actual date of collection. Prayer was for judgment against the property with the penalty of twenty per cent., all costs of action, including a reasonable attorney's fee; that the lien of the amounts be foreclosed, and, if not paid, a commissioner be appointed by the court to sell the property, and in addition that the W. B. Worthen Company, as trustee, be forever precluded and prohibited from maintaining any action against Street Improvement District No. 419, or against any agent or attorney of the district, for failure to collect interest on each installment of assessments against the property described, from date of maturity thereof to the date of the actual collection of the installments.

In response to this suit, Arkansas Mortgage & Securities Company, one of the delinquent taxpayers, filed a demurrer pleading specially that there was no provision contained in act No. 112 of the Acts of the General Assembly of the State of Arkansas for the year 1933, for the collection of interest upon the annual tax installments; that the language used in said act No. 112 in reference to a charge of interest upon annual installments due as part security for refunding bonds was too indefinite, uncertain and ungrammatical to convey an idea to an intelligent mind; and, second, that, at the time of the actual execution and delivery of the refunding bonds for Street Improvement District No. 419, said act No. 112, by the authority of which refunding bonds were issued and this suit was instituted, had been repealed by implication by the passage and approval of acts 129, 252 and 278 of the Acts of the General Assembly of the State of Arkansas, for the year 1933; that, in accordance therewith, there should be no interest charged, and that the penalty should be three per cent. instead of twenty per

cent.; that the complaint should be dismissed for want of equity, etc.

The W. B. Worthen Company filed a general demurrer in which it stated that the complaint, as to it, does not state facts sufficient to constitute a cause of action.

On September 4, 1935, the chancery court overruled each of the aforesaid demurrers, and, the said parties refusing to plead further, rendered a decree, wherein the W. B. Worthen Company, as trustee, under the pledge of Street Improvement District No. 419, was forever precluded and prohibited from maintaining an action against Street Improvement District No. 419, or any agent or attorney for said district, on account of failure to collect interest on each installment of the assessment against any and all of the property delinquent in the said improvement district, for the year of 1934, from the date the installment fell due, March 1, 1934, to the date of the actual collection of said installment.

This appeal, by Arkansas Mortgage & Securities Company, and W. B. Worthen Company, challenges the correctness of this decree.

Without reference to specific dates, let it be said that the present bonds of the improvement district are an issue refunding the original or first bonds, as provided under and by act 112 of the Acts of 1933. The original bonds therefore were in existence prior to the passage of act 112, act 129, act 252, and act 278 of the Acts of 1933. Act 112 was modified and changed in many particulars by acts 129, 252 and 278, passed subsequent to the passage of act 112 and is in conflict therewith in many respects, if said last three mentioned acts are valid.

Counsel for appellants therefore argue rather vigorously that, since the refunding bonds were issued subsequent to the passage of these several acts, to whatever extent these acts are in conflict with act 112, they have repealed or modified said act 112, and that therefore any provision or authority as contained or set forth in act 112, providing for interest or penalty, was repealed and modified by the later acts. The views we hereinafter

express make it unnecessary that we analyze and set forth these changes.

If this contention had been made prior to April 1, 1935, it would have probably been looked upon with some degree of favor. On that date, however, an opinion rendered by Mr. Justice CARDOZO, speaking for the United States Supreme Court, decided the main questions raised here upon this appeal adversely to the contentions made by appellant.

Pretermitting a general discussion of that decision, it may be said that the Supreme Court of the United States held that the three acts Nos. 129, 252 and 278, of the Acts of 1933, taken together as a system or plan, governing or affecting improvement districts, were void as impairing the obligation of existing contracts.

*W. B. Worthen Co.* v. *Kavanaugh*, 295 U. S. 56, 55 S. Ct. 555, 97 A. L. R. 905.

The refunding bonds issued by this improvement district were new acknowledgments of an old debt or obligation, fixing new periods or times of payment of the bonds, but these new bonds did not in any respect destroy or impair rights or remedies of the bondholders, and these bondholders who accepted the new bonds were then, and are now, entitled to the same protection from an impairment of the obligation of their contract as were the bondholders in the case above cited.

Appellants argue in their brief that it has not yet been held that act 129, as separate and distinct from acts 252 and 278, was invalid, and that the same statement is true as to each of the other two acts, but only in so far as the said three acts form a plan or system may they be considered as invalid because of the fact they violate the contract clause of the United States Constitution.

In the face of the foregoing opinion by the United States Supreme Court, we fail to see that any advantage could be gained by an attempt to defend any or all of the acts separately from the effect of the decision. No one of them can be discussed intelligently, nor effect be given to it, without due and full consideration of each of the others, and no one of them can be said to relate to

the bond issue under discussion, and the other two be ignored.

The Worthen case therefore becomes and is the rule of decision by which we must determine the present controversy.

We must therefore hold that, as to these refunding bonds, acts 129, 252 and 278 are invalid and do not impair the obligations thereof.

It is also argued, in support of the demurrers filed, that the commissioners of the district, and the district, must make annual collections of all interest that accrues. We do not agree with this contention. It has been pointed out that in a large number of improvement districts, principally drainage districts, interest was deferred until it became necessary to collect the same in order to meet the obligations as contracted, without exceeding assessed benefits, and it is insisted that act 112, which provides that interest shall be collected upon each annual installment, is contrary to that theory, but, notwithstanding that fact, and notwithstanding the further fact that the collection of interest may not be necessary to meet the maturing obligations, the district and its commissioners have no discretion, but must at all events make the annual collections. It is shown that interest is included in the amount of annual installments of assessments to the maturity date thereof, and that thereafter interest would have to be computed to date of payment, which would necessarily be annoying, burdensome, somewhat expensive, and cause unreasonable delay. If it were necessary, however, to make these collections, in order to have funds to pay maturities, as they arise, the district and its commissioners would have to take such steps as might be necessary to enforce payment of this accruing interest. When there will be sufficient funds to meet maturing obligations, such collections are unnecessary, and the severance of the pound of flesh is not called for. Stated differently, we think that, upon the issue of these bonds under act 112 aforesaid, there is authority to collect interest. The power is granted to the commissioners and to the district to enforce the payment thereof, but it is not a mandatory duty or obligation so to do,

until the necessity arises therefor. The commissioners in their sound discretion may save this bit of interest to the taxpayers and will not be required to make collection thereof, except it be made manifest that by the failure to make such collections a default is imminent.

Therefore in a proper case, the court may prevent an abuse of that discretion.

Since such a condition does not prevail, the decree of the chancery court is correct.

Affirmed.