The State National Bank v. Morthland.

4-5098

Opinion delivered June 6, 1938.

*James D. Head,* for appellant.
*H. M. Barney* and *Frank S. Quinn,* for appellees.
*Henry Moore, Jr.,* amicus curiae.

BAKER, J. There are many phases of this controversy, some of which will be interesting to state, though perhaps not absolutely necessary to decide, in order to work a settlement of the matters at issue. John W. Morthland, receiver of the Northern State Life Insurance Company, and T. C. Sewell, sheriff of Miller county, as substituted trustee, filed their complaint in the chancery court of Miller county against P. P. Elam and Cora E. Elam, his wife, to foreclose a deed of trust which was a first lien against the property conveyed by the deed of trust, said property being the south half of the southwest quarter of section 33, township 17 south, range 26 west, and the north half of the northwest quarter of section 4, township 18 south, range 26 west. The State National Bank of Texarakana was one of the defendants in the above mentioned suit. It had two deeds of trust upon the same property wherein the property was conveyed to Stuart Wilson, as trustee, the indebtedness finally aggregating about $19,000. In each of these there was a clause or provision recognizing the deed of trust, foreclosed by the receiver, as a first lien. A third deed of trust, however, executed by the State National Bank was taken as a renewal of the two former obligations, but there was no express provision to the effect that it was a lien inferior to that held by the receiver. The

State National Bank has not foreclosed its liens, but it claimed title to the lands involved by reason of a foreclosure and sale of the lands in a suit by the McKinney Bayou Drainage District of Miller county to enforce collection of special assessments delinquent and unpaid against said lands for the years 1929, 1930, 1931 and 1932. The land had been duly sold and had been purchased for these delinquent taxes or special assessments by the drainage district, or, more strictly speaking, by C. M. Blocker, who was receiver for said drainage district, and Blocker had conveyed said property to the State National Bank. This sale of the said lands by the district was had on the 17th day of September, 1934. Blocker, as receiver, conveyed the same lands obtained on the 12th day of October, 1936. Thereafter the State National Bank paid the back taxes and special assessments and, according to testimony of Mr. Elam and Mr. W. B. Oglesby, cashier of the State National Bank, the bank began to collect rents upon this property.

It is stated rather forcefully by the appellees that the purchase of these lands by the bank was a purchase for Elam and that the appellees had a right to redeem these lands by the payment of the purchase price paid by the State National Bank of Texarkana, Arkansas, including in addition, taxes and other assessments paid by it. It is argued by the appellees that act 15 of the Acts of 1933 is authority for two years being added to the regular or ordinary period for redemption, within which redemption of the lands could be made from the sale, and that inasmuch as the sale was made in 1934 the right of redemption continued until 1938.

It was also argued, and the trial court held, that inasmuch as the appellant was permitted to purchase these lands under act 79 of 1935, which provided or authorized taxpayers in levee and drainage districts to pay taxes in past-due bonds and interest coupons of such districts, the appellees had an equal right to redeem from the appellant by a tender of such bonds and interest coupons, together with a requisite amount of cash, or money, the exact sum not being in dispute or controversy. Additional authority for these contentions

arise out of *Watson* v. *Barnett,* 191 Ark. 990, 88 S. W. 2d 811. An interesting, though strangely anomalous condition arises out of the aforesaid act 15 of 1933, which provides for the additional two years for redemption of lands sold for delinquent special assessments in levee and drainage districts for the years 1929, 1930, 1931, and perhaps 1932, though this fact is questioned. This act was passed or approved on February 6, 1933, and by its own express terms expired on February 6, 1935, two years after it became effective. Notwithstanding this fact, it is contended with a great show of reason and plausibility that although the suit to redeem was not filed till April 26, 1937, approximately two years after act 15 had expired, yet by its own terms, said act 15 added two years additional time within which the lands might be redeemed from said special assessments after the date of sale.

It was, on the other hand, argued by the appellant that act 15, aforesaid, had not only expired by its express terms or provisions, to the effect that it was an emergency act and that it should be in force and effect for two years only, but it was also contended that the said act was void as being in contravention of the contract clauses of both the state and federal Constitutions. Appellant relies for its contention in that respect upon *Worthen Co.* v. *Kavanaugh,* 295 U. S. 56, 55 S. Ct. 555, 79 L. Ed. 1298, 97 A. L. R. 905, and also upon one of the decisions of this court rendered shortly after the last-mentioned case was decided. *Arkansas M. & S. Co.* v. *Street Impr. Dist. No. 419,* 191 Ark. 487, 86 S. W. 2d 917.

In addition to the exhaustive briefs filed by both appellant and appellees, we have also been favored with a further citation of authority by an *amicus curiae* brief upon the several interesting phases presented and so ably developed as to make this case a most interesting study.

While the appellees do not concede that the decisive factor in this case is a determination of appellees' right to redeem under act 15 of 1933, we think it may be finally determined from this record that unless appellees have the right to redeem by reason of the said act the decree of the chancery court permitting redemption should be

reversed, and in the event of such reversal interesting questions as to the proper funds to be used for the redemption of the property become unimportant and unnecessary to decide.

This case is presented upon a theory, as we understand it, that the redemption period was two years. This period was fixed under act 359 of the Acts of 1925, and this court held in the case of *W. B. Worthen Co.* v. *Delinquent Lands,* 189 Ark. 723, 75 S. W. 2d 62, in effect, that the two-year period was fixed as the time within which redemption of property might be made under § 2 of said act.

The question of impairment of the obligation of contract has not been argued or briefed *in extenso,* as arising out of a condition, wherein the time for redemption of property from sales has been decreased, as it has in this case, from a period of five years to two years, assuming the validity of these statutes.

Our conclusions are now set out.

A provision of act 15 of the Acts of 1933 settles part of these troublesome questions. That provision is at the end of § 3, which is as follows: "Provided, that this section shall not apply in any case where said district has disposed of said delinquent property, or where it has contracted to do so, prior to the time offer is made in writing by said owner, mortgagee and/or other lien holder, to pay said amounts to said district."

While appellees question the good faith of this transfer to the appellant, this appears to be without real or substantial reason or merit, and if the State National Bank be treated as a purchaser of these lands, and we think it must be, then act 15, according to the above quoted provision, does not apply, and the added two years which it is claimed it gives, and within which redemption may be made, cannot be claimed and utilized by the appellees.

The appellees insist, as we understand their contentions, that even though act 15 of the Acts of 1933 be declared inapplicable or unconstitutional the five-year statute for redemption, under § 4483, Pope's Digest, is the law under which this case may be decided. It is

argued that inasmuch as the period fixed at five years within which property might be redeemed from delinquent tax sales, and that as this statute was in force and effect at the time of the formation of the district, the Legislature was without power to change that period by reduction thereof.

We do not think so. It is true it has been held that the Legislature may not extend the period for redemption. *Worthen Co.* v. *Kavanaugh, supra; Arkansas M. & S. Co.* v. *Street Impr. Dist. No. 419,* 191 Ark. 487, 86 S. W. 2d 917.

The basic reason or principle for these rulings is that such a change violates the contract clauses of both the state and federal Constitutions.

It does not follow, however, that a reduction of this period within which the property may be redeemed is a violation of these contract clauses. Such reduction is not inhibited under the authorities just cited.

The right to redeem property from a sale for delinquent special assessments is a matter of privilege, grace or favor expressed by a statute. As such it is not essentially different from other procedural law, nor are the rules of law applicable thereto, as to rights of parties, contrary to a statute of limitations. Until such statutes shall have been invoked and the effect thereof shall have affected property as to title or possession there is no vested right in such statutes, or the effect thereof, there is no property interest inherent in such law itself that it may not be reduced, or that may not be repealed. In effect we have already so declared. See § 1174, Sloan Improvement Districts and authorities there cited.

We think it may necessarily follow that the general statute within which property may be redeemed is two years under act 359 of the Acts of 1925, § 13898, Pope's Digest.

We have determined that the appellees were without right to redeem the property in 1937 when they sought to do so and that the court erred in permitting or ordering such redemption.

Other interesting questions in regard to the funds applicable for the redemption of the property are precluded by this holding.

The cause is reversed with directions to the chancery court to set aside the order of redemption as improper and for other appropriate proceedings not inconsistent with this opinion.