HOPKINS *v.* FIELDS.

4-6429                                                  154 S. W. 2d 22

Opinion delivered July 7, 1941.

*Franklin Wilder* and *Hardin & Barton,* for appellant.

*George W. Dodd,* for appellee.

SMITH, J. The Sebastian Bridge District was organized under act 104 of the Acts of 1913, p. 380. Appellant owned lot 18, block 2, Fishback Addition No. 2 to the city of Fort Smith, which lot was subject to the taxes levied by the bridge district. She failed to pay taxes due the district, and by appropriate foreclosure proceedings the lot was sold to the district, which, on September 17, 1940, conveyed the lot to appellees for the consideration of $11.22, this being the total amount of the tax, penalty, interest and costs due on the lot.

Appellant filed a pleading which she called an intervention in the foreclosure suit on February 14, 1941, in which she tendered the full amount of the tax, etc., for which the lot sold, and prayed that she be allowed to redeem her lot. This relief was denied her, and from that decree is this appeal.

The sale is first attacked upon the authority of the case of *Haglin* v. *Hunt*, 187 Ark. 480, 60 S. W. 2d 561. There, two lots were assessed and sold *in solido* to an individual for the taxes due the Sebastian Bridge District. The sale was set aside by the court below—and that decree was affirmed by this court—it being held that the sale was not made in the manner required by law. We held that the commissioner making the sale should have offered, first, one lot, and then the other, to ascertain if any one would pay the taxes on both lots for one or the other of them, and that both lots should not have been sold unless it appeared that no one would bid the taxes, etc., for less than the whole amount against both lots. Here, however, only one lot was sold, and the sale was to the district, as authorized by act 104 of 1913, because no one bid the amount of the taxes, etc., due on the lot. It is not to be assumed that if no one would pay the taxes, etc., for the whole of the lot, some one might have paid the taxes, etc., for a fractional part of it.

Section 29 of the act provides: "The property shall be offered to the person who will pay the assessment, penalty and costs for the least amount of said land; and, if none should offer the amount of the assessment, penalty and costs then the delinquent land shall be stricken off to the bridge district and a deed shall be made to it

in like manner as to an individual purchaser. And it shall be lawful for said district to hold such land until such time as it may be sold advantageously, in the judgment of the commission."

The authority for selling to the district arose out of the failure of any individual to buy the lot at the sale, and as no one offered to buy the lot "the delinquent land" was stricken off to the bridge district. In that event, the delinquent land or lot, and not some fractional part of it, is stricken off to the district, and that was done here, so that the Haglin case, *supra,* has no application.

The lot was sold September 11, 1939, and the intervention (which, in effect, is an application to redeem) was filed February 14, 1941, so that more than one year had elapsed between the date of the sale and the date of the offer to redeem, and it was held that the offer to redeem had not been made within the time allowed by act 104, under the provisions of which the lot had been sold, and the intervention was dismissed as being without equity.

Section 32 of act 104 provides that "The owner may redeem from the purchaser at any time within one year after the sale, by paying him the amount paid by him with twenty per cent. thereon, which redemption shall be noted upon the margin of the decree by the purchaser."

The insistence is—and the finding by the court below was—that the right of redemption must have been exercised within the time allowed by the act under the provisions of which the lot was sold, and that the provision in regard to redemption is unaffected and unchanged by later legislation.

Appellant asserts the right to redeem under any one of several sections of the Digest, § 7331, Pope's Digest, among others. This section was enacted as act 252 of the Acts of 1933, p. 790; but we do not think it applicable to this case, for the reason that its provisions are limited to municipal improvement districts, and the Sebastian Bridge District is not a municipal improvement district. Municipal improvement districts are those districts organized by the governing agency of the city or town or municipality in which they are located and of

which they are a part, or the whole thereof, such as streets, sewers, waterworks, etc. Districts which include and impose taxes upon lands, both rural and urban, are not municipal improvement districts. These are road, bridge, levee, drainage, fencing, etc., districts. *Butler* v. *Board Directors Fourche Drainage District,* 99 Ark. 100, 137 S. W. 251. The Sebastian Bridge District includes, not only the entire city of Fort Smith, but includes also the whole of the Fort Smith District of Sebastian county, and is not, therefore, a municipal improvement district, and the provisions of § 7331, Pope's Digest, are inapplicable for that reason. Moreover, § 7331, Pope's Digest, is identical with and was enacted as act 252 of the Acts of 1933, to which act further reference will be made.

The right of redemption is asserted also under the provisions of § 5644, Crawford & Moses' Digest.

This section was a part of act 43 of the Acts of 1915, p. 123, entitled, "An Act to regulate sales by Commissioners in Chancery for special assessments and redemptions therefrom." The act consists of a single section, yet it was broken into and appears as three sections in Crawford & Moses' Digest, to-wit: Sections 5642, 5643 and 5644. Of these several sections, §§ 5642 and 5643 are carried forward in Pope's Digest, where they appear as §§ 7329 and 7330, respectively. Section 5644, Crawford & Moses' Digest, is omitted from and does not appear in Pope's Digest.

The Digester has this note appearing between §§ 7329 and 7330, Pope's Digest: "This act was repealed by act 129 of 1933, but the repealing act was held void by the Supreme Court of the United States in *W. B. Worthen Co.* v. *Kavanaugh,* 295 U. S. 56, 55 S. Ct. 555, 79 L. Ed. 1298, 97 A. L. R. 905, in a suit involving bonds issued before its passage, reversing *W. B. Worthen Co.* v. *Delinquent Lands,* 189 Ark. 723, 75 S. W. 2d 62. See, also, *Arkansas Mortgage & Securities Co.* v. *Street Improvement District,* 191 Ark. 487, 86 S. W. 2d 917."

Act 129 of the Acts of 1933, p. 375, is entitled, "An Act to repeal § 5642 of Crawford and Moses' Digest." This act, in its entirety, exclusive of the emergency

clause, reads as follows: "Section 1. Section 5642 of Crawford & Moses' Digest is hereby repealed."

This repealing act, No. 129, along with acts 252 and 278, passed at the same session of the General Assembly, was invalidated by the decision of the Supreme Court of the United States in the Worthen case, *supra*.

With the holding of that court in that case that acts 129, 252 and 278 of 1933 were invalid in their application to existing contracts, there remained some inquiry whether those acts were totally invalid, or could be separated in their applications to situations not affected by the contract clause of the national constitution. In other words, could the provisions of those acts be applied to situations where no contracts existing prior to their enactment would be affected?

In *Arkansas Mortgage & Security Company* v. *Street Improvement District 419*, 191 Ark. 487, 86 S. W. 2d 917, in making a passing reference to the decision of the Supreme Court of the United States in the said Worthen case, this court referred to it as holding that acts 129, 252 and 278 of 1933 were invalid so far as they affect existing bonds; having no occasion to consider the question further.

It is common knowledge that the work of the improvement districts affected by those acts was done with borrowed money realized from bond issues extending over long periods of time; and that the maturities of many of those bond issues had been extended beyond the original dates. As a matter of law, the contract rights of the original bond issues would be carried forward in the refunding issues. *Arkansas Mortgage & Security Co.* v. *Street Improvement District No. 419, supra.*

In the situations described it is evident there would be few instances where the said acts of 1933 could be applied without violating contract rights in existence before those acts were passed; and that an effort to so apply them would result in the utmost confusion. It could not be presumed that the Legislature would have enacted those statutes in their general terms, and intended they should be applied only to the very limited field where contracts would not be affected.

Again, this situation is a proper one for the application of the principle that a questioned statute must be valid as it affects all that its terms embrace, or altogether void. *U. S.* v. *JuToy,* 198 U. S. 253, 25 S. Ct. 644, 49 L. Ed. 1040; *Baldwin* v. *Franks,* 120 U. S. 678, 7 S. Ct. 656, 32 L. Ed. 766; *Replogle* v. *Little Rock,* 166 Ark. 617, 267 S. W. 353, 36 A. L. R. 1333.

The insistence of appellees is that the effect of the decision in this Worthen case, *supra,* by the Supreme Court of the United States was to invalidate the entire act of 1915, *supra,* appearing as §§ 5642, 5643 and 5644, Crawford & Moses' Digest.

The opinion of this court in the case of *W. B. Worthen Company* v. *Delinquent Lands,* 189 Ark. 723, 75 S. W. 2d 62, rendered October 15, 1934, did not regard the repeal of § 5642, Crawford & Moses' Digest, (which was accomplished by act 129, approved March 21, 1933), as rendering § 5644, Crawford & Moses' Digest, ineffective, for it was there said: "Section 5644 of Crawford & Moses' Digest, which is a section of the municipal improvement district act of 1915, by plain terms gives to property owners in all such districts five years in which to redeem from such sales."

The decision of the Supreme Court of the United States, in the Worthen case, *supra,* did not strike down § 5644, Crawford & Moses' Digest, which does not appear in Pope's Digest.

There was passed, at the 1925 session of the General Assembly, act 359, p. 1058, § 2 of which reads as follows: "Hereafter all persons shall have the right to redeem from the sale for taxes of road, drainage, levee or other improvement districts at any time within two years from the date when such lands are sold by the commissioner making the sale, and not thereafter; provided that the provisions of this section shall not apply to property which shall have become delinquent or have forfeited prior to the passage of this act."

It was said of this act in our Worthen case, *supra,* that: "Section 2 of act 359 of 1925 needs no interpretation. It provides that it is applicable to 'road, drainage, levee of (or) other improvement districts? Had it been

intended to apply to paving, sewerage, water and such municipal districts, the Legislature could and would have so said in plain language. The only conceivable reason asserted as to its applicability to municipal improvement districts is 'of (or) other improvement district,' but this phrase has reference to other improvement districts of the same kind as those specifically enumerated. The rule of *ejusdem generis* has ever been applied by us under such circumstances. (Citing numerous cases.)''

It would appear, therefore, that the time of five years allowed by § 5644, Crawford & Moses' Digest, for redemption from any sale for improvement district taxes has been reduced, in cases to which act 359 applies, to two years; but as act 359 does not apply to municipal improvement districts, the five years, allowed by § 5644, Crawford & Moses' Digest, for redemption from sales by municipal improvement districts, remains unchanged.

The Sebastian Bridge District—not being a municipal improvement district—is of the class of improvement districts to which act 359 does apply, and two years are, therefore, allowed, from the date when lands are sold for the nonpayment of the bridge assessments, in which to redeem. Appellant offered to redeem within that time, and should be permitted to do so, upon complying with the provision of § 32 of act 104, above quoted. The subsequent legislation extended the time within which redemption might be effected, but did not change the manner in which that right might be exercised.

It is insisted that the General Assembly has not changed, and is without power to change, the period of redemption allowed by act 104, *supra,* under which the district was formed and assessments levied. We have frequently held to the contrary. In the recent case of *Baur* v. *Gwaltney,* 191 Ark. 1030, 88 S. W. 2d 1005, it was said: ''We have several times held that the Legislature may enlarge the period of redemption or extend the time in which redemption may be effected at any time during the redemption period as fixed by the former statute where the sale has been to the improvement district and not to a private individual. (Citing cases.)''

The sale here was to the district, and § 2 of act 359 of the Acts of 1925, under which we here hold redemption permissible, was passed long before the sale.

In his excellent work, Improvement Districts in Arkansas, Mr. Sloan says, at § 1177, p. 1022, vol. 2, that "The redemption provisions in the general local assessments laws enacted prior to February 9, 1915, were, it seems, impliedly repealed by the 1915 act which is applicable to 'all special assessment districts of every kind' and provides: . . . Section 5644, Crawford & Moses' Digest, is then quoted in full."

After quoting § 5644, Crawford & Moses' Digest, Mr. Sloan then proceeds to say: "Since the road improvement and the road maintenance statutes were passed afterwards, their special provisions on the right of redemption will, at least to the extent that they conflict with the 1915 act, govern."

In the recent case of *Person* v. *Miller Levee District No. 2, ante* p. 173, 150 S. W. 2d 950, there was involved the right to redeem from a sale for delinquent levee taxes due the levee district, which had been created under a special act passed in 1911, which act allowed one year in which to redeem from sales for delinquent taxes. Act 69 of Acts of 1911, p. 89. Opposing eminent counsel mutually conceded that the period of redemption from that sale was two years, and we assumed, without expressly deciding, that that was the permissible period, but that question was not decisive of the case.

This is the period of time fixed by § 2 of act 359 of the Acts of 1925, *supra,* which we think applies here, and as the offer to redeem was made within two years from the date of sale, the decree of the court below will be reversed, and the cause is remanded with directions to grant that right.

The sum total and the effect of the views here expressed is that redemption from sale for municipal improvement taxes may be made, under § 5644, Crawford & Moses' Digest, within five years, except in the case of any district, if such there be, where a different period of redemption has been provided by subsequent legislation;

and, subject to the same exception, the period of redemption from other sales for improvement district taxes is two years.

HOLT, J., not participating.