GAVIN *v.* ASHWORTH.

Opinion delivered December 9, 1905.

1. JUDICIAL SALE—REDEMPTION,—Where land was sold under a valid decree condemning it to be sold for delinquent levee taxes, and the sale was duly confirmed, the original owner was not entitled subsequently to redeem by paying the taxes. (Page 243.)

2. LIMITATION—JUDICIAL SALES.—The limitation of five years applicable to judicial sales of land commences to run as soon as the sale is confirmed. (Page 243.)

3. JUDICIAL SALE—RIGHTS OF PURCHASER.—One who purchases at a confirmed judicial sale and takes possession thereunder, although his deed is invalid, acquires an equitable title with the right to the legal title, which constitutes a good defense in ejectment. (Page 244.)

Appeal from St. Francis Circuit Court; HANCE N. HUTTON, Judge; affirmed.

STATEMENT BY THE COURT.

Mrs. Gavin was the owner of land in St. Francis County, Arkansas. In 1895 W. R. Kendrick, as collector for and in behalf of the Board of Directors of the St. Francis Levee District, brought an action in the chancery court of St. Francis County to recover levee taxes alleged to be due on the land. In June, 1895, the court rendered a decree declaring the taxes to be due on the land, and ordering the land sold to pay the same. The land was on July 6, 1895, sold by the clerk and commissioner of the court under this decree, and purchased by Alfred and Samuel Ashworth. This sale was duly reported to the court, and confirmed on the 28th day of September following. Afterwards in November of same year Mrs. Gavin, the former owner of the land, attempted to redeem the land, and paid the amount of taxes due thereon to the commissioner who sold the land. But the purchasers at the sale took possession of the land in 1896, and put a fence around a portion of it, and have since been in possession

of it. In 1901 they procured a deed from the commissioner who made the sale conveying the land to them. But this deed was executed after the term of office of the commissioner had expired, and was never approved by the court. In February, 1902, Mrs. Gavin brought this action against the defendants, Alfred and Samuel Ashworth, purchasers at the sale under the decree, to recover possession of the land. The defendants for defense set up the title acquired by their purchase at the sale under the decree and the deed from the commisioner. They also pleaded the five year statute of limitations applicable to those holding under judicial sales. On the trial the court held that the plaintiff could not recover, instructed the jury to return a verdict for defendant, and gave judgment accordingly. Plaintiff appealed.

*N. W. Norton,* for appellant.

The statute does not begin to run until two years after acquiring deed. 83 S. W. 946; 84 S. W. 703.

The five years statute limitation with reference to judicial sales does not begin to run until the plaintiff's cause of action against the sale arises. 53 Ark. 400.

*S. H. Mann,* for appellees.

The law (Acts 1895, p. 88) provided no right of redemption after decree condemning land to sale for levee taxes, and the decree provided for redemption only before sale. Appellants could not redeem. 66 Ark. 490. Possession by appellees under the sale was notice to the world. 33 Ark. 465. Her right of action, if any, was from the date of sale. 53 Ark. 400.

RIDDICK, J., (after stating the facts.) This is an appeal from a judgment in favor of defendants in an action of ejectment. The evidence showed that the defendants purchased the land at a sale under a valid decree rendered against the land, condemning it to be sold for the payment of levee taxes. The sale was duly confirmed. Afterwards plaintiff attempted to redeem the land by paying the taxes to the commissioner who made the sale, but under the law at that time she had no right to do so, and this payment to the commissioner did not affect the rights of the defendants. *Banks* v. *Directors of St. Francis Levee District,* 56 Ark. 490.

The five-year statute of limitations applicable to judicial sales commenced to run so soon as the sale was confirmed; and,

as more than five years elapsed from that time before the action of plaintiff was commenced, her right of action was barred. *Kessinger* v. *Wilson,* 53 Ark. 400.

The fact that the deed to defendants was made by one who had no right to make it amounts to nothing here, for defendants had, by virtue of their purchase and confirmation thereof, the equitable title with the right to the legal title, which made a good defense to the action of ejectment. *Alexander* v. *Hardin,* 54 Ark. 480.

Judgment affirmed.