**KERSH LAKE DRAINAGE DIST. v. STATE BANK & TRUST CO. OF WELL-STON, MO.**

**No. 12593.**

Circuit Court of Appeals, Eighth Circuit.

Oct. 26, 1943.

Rehearing Denied Nov. 9, 1943.

Writ of Certiorari Denied Jan. 3, 1944.

See 64 S.Ct. 432.

Arthur J. Johnson, of Star City, Ark., and Charles T. Coleman, Burk Mann, Richard B. McCulloch, and Shields M. Goodwin, all of Little Rock, Ark., for appellant.

A. F. House, of Little Rock, Ark. (Jay W. Dickey and Hendrix Rowell, both of Pine Bluff, Ark., on the brief), for appellee.

Before WOODROUGH, THOMAS, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

Statement: This appeal is taken to reverse an interlocutory order denying a motion filed in the course of an action brought in aid of the collection of a judgment for $54,655 rendered in the district court in 1935 in favor of the State Bank & Trust Co., against the Kersh Lake Drainage District on account of unpaid certificates of indebtedness issued by the district for the construction of its drainage system. The judgment had been affirmed by this court in Kersh Lake Drainage District v. State Bank & Trust Co., 85 F.2d 643, but thereafter the district claimed that the assessment of benefits against the lands in the district out of which the judgment is payable had been exhausted, and the judgment remained wholly unpaid. The judgment creditor therefore filed this action against the district and district and county officers, alleging that said assessment of benefits had not been exhausted but remained subject to the debts and uncollected, and praying mandatory injunction against the officers authorized by the Arkansas law to compel official action to subject the lands to payment of the judgment debts. On the trial, the issues as to the continued existence of the assessment of benefits, the liability of the lands on account thereof, the obligation of the officers of the three counties in which the drainage district lies to extend upon the tax

books and to collect drainage taxes at the rate of 6½ per cent upon the assessed benefits in each year until an amount sufficient to pay the judgment has been raised, were all fully litigated and the trial resulted in a decree finding the judgment creditor (and an intervening creditor) entitled to a mandatory injunction to compel the defendant officers to perform their duties in the collection of the drainage taxes to be applied on the judgment. The decree required the "County Clerks and County Collectors to perform their duties in the collection of the drainage taxes upon the lands in suit"; that there be extended taxes "of six and one-half percent of the benefits assessed against each tract of land * * * until the whole of this decree has been satisfied"; and the "Commissioners * * * be required to institute suits for the collection of all delinquent taxes of said District, and to prosecute the same with due diligence to a conclusion * * *;" and that "the said Commissioners are deemed receivers of this court, and as such they are required to perform all their duties as such commissioners with due diligence, and report their doings to this court on the 1st day of June and December of each year, reporting all taxes collected. and what action they have taken to enforce the collection of delinquent taxes." An appeal was also taken by the district from that decree to this court where it was considered fully and affirmed on the merits. Kersh Lake Drainage District v. State Bank & Trust Company, 92 F.2d 783.[1] Thereafter the taxes were duly extended on the books of the counties but were not paid and suit was brought on behalf of the District through its Commissioners in the proper Chancery Court of Lincoln County, Arkansas, to foreclose the delinquent tax liens for the benefit of the judgment creditors. In that suit certain landowners defended on the ground that they had, in another action, obtained final adjudication against the district to the effect that their lands were not subject to the tax liens sought to be foreclosed, but the adjudication relied on by them was vacated and set aside pursuant to the mandate of the Supreme Court of Arkansas in Kersh Lake Drainage District v. Johnson, 203 Ark. 315, 157 S.W.2d 39, and that defense to the foreclosure having failed, the cause proceeded and the Chancery court entered decree foreclosing the tax of 6½ per cent on all the delinquent lands in the district. Thereafter amendment to the complaint in foreclosure was filed, alleging that certain lands in the district subject to tax had been excepted from the foreclosure decree and that some descriptions in the decree were void for uncertainty. Issues joined on the allegations were submitted for decision to the Chancery court, but before such issues were determined the attorney for the defendants in that suit prepared, and the officers of the District directed to be filed in the federal court action the motion on which the court made the adverse ruling complained of in this appeal.

The motion filed January 9, 1943, was in the name of the District and presented an attack upon the decree entered by the district court December 22, 1936, affirmed by this court November 23, 1937, and considered by the Supreme Court March 25, 1940. The motion, insofar as it is a motion and not a pleading of fact, reads: "The Kersh Lake Drainage District, by its commissioners, moves the court to wind up the receivership and discharge the receivers in the above entitled cause," (allegations of fact follow and a prayer "for an order winding up the receivership, and restoring the administration of the district's affairs to the rightful authorities.")

An amendment to the motion added by leave of court reads: "The defendant moves to dissolve the mandatory injunction issued in this cause on December 27, 1936, and to dismiss the case for want of jurisdiction of the court, as a court of equity, over the subject matter of the suit."

As explanatory of the grounds of the motion there are incorporated in it proceedings had in this litigation in the federal and state courts, including several orders that were made by the district court after the decree of December 22, 1936, containing directions to the District Commissioners in respect to their carrying out the mandate of the decree. It was stipulated on the hearing of the motion, however, that "the propriety of any of the orders referred to in the motion" were not questioned in the proceeding. "The only purpose of referring to the orders [in the motion] is to show the nature of the supervision which the court has exercised over the commissioners and the

---

[1] The decree was described and considered by the Supreme Court in Kersh Lake D. District v. Johnson, 309 U.S. 485, 60 S.Ct. 640, 84 L.Ed. 881. 128 A.L.R. 386.

character of the orders which it has made." It is asserted in the motion that the provisions of the decree of December 22, 1936, which are assumed to constitute appointment of receivers for the drainage district, and the directions of the decree to extend and collect the 6½ per cent tax and to pay all taxes collected into the court registry, were beyond the jurisdiction of a federal court of equity.

The motion as amended having been denied, the district's appeal is taken to this court under Section 129 of the Judicial Code, 28 U.S.C.A. § 227, which authorizes appeals to this court from an interlocutory order "refusing an order to wind up a pending receivership", or from an order made upon hearing denying "an application to dissolve or modify an injunction."

Opinion:

It is apparent that the object of the motion of the district involved in this appeal is to obtain a rehearing in this court of our decision in Kersh Lake Drainage District v. State Bank & Trust Co., 92 F.2d 783. The decree which is attacked by the motion was before this court in its entirety at the time of that decision, and though the particular arguments against the decree which are made upon the motion were not presented on the former appeal, the district appellant in both appeals had its full opportunity to raise the points the first time. The decree has not been altered or amended since this court reviewed it and affirmed it in 1937. It has been analyzed and considered by the Supreme Court of the United States and by the Chancery and Supreme Courts of Arkansas, and no such invalidity as is ascribed to it in the motion has ever been observed by any of the courts. The judges constituting the court to which this appeal is presented are not the same as those who heard the first appeal. Therefore the decision of 1937 affirming the decree in its entirety is binding upon us and will be adhered to here.

The decree has been executed to a large extent. The county and district officers have fully recognized that the assessment of benefits against the lands remains unpaid in amount sufficient to pay the judgments as established by the decision affirming the decree. The taxes have been extended upon the tax books of the county. The claims of individual land owners to have their lands exempted have been litigated and determined in the state courts.

There remains the matter of correction of descriptions and supplying omissions in the decree of foreclosure in the state court and the sale of the lands by the sheriff. We find nothing in the motion or in the arguments in support of it to justify any interference with the foregoing steps that have been taken in execution of the decree or the further action which is indicated as impending to collect the 6½ per cent tax.

The decree being one of mandatory injunction contemplating action to be taken in the future, conditions may, of course, arise to justify or necessitate its modification or dissolution. Then upon a showing of such conditions the remedies of Section 129 of the Judicial Code should become available to the parties.

The claim of the appellant district that the decree has by its terms put the drainage district into court receivership and that there is a receivership which ought to be wound up, we find to be without merit. As was apparent when the decree was before this court for review on the former appeal, the decree was drawn in the light of the decision of the Supreme Court of Arkansas in Dickinson v. Mingea, 191 Ark. 946, 88 S.W.2d 807. It was there held that under the Arkansas statutes discussed in the opinion, court receiverships to collect taxes were not authorized in Arkansas, but that in a situation such as here involved mandatory injunction should issue in such terms that the officers could be "made [by the court] to discharge their duties. * * * There is therefore no abridgement of the court's jurisdiction. The commissioners become receivers in effect in that they become subject to the jurisdiction of the court." The language of the decree in this case that "the Commissioners are deemed receivers", was intended to conform to the Arkansas law so declared and the decree accords to the certificate holders as judgment creditors proceeding in the federal court the same rights they would have had in the state courts of Arkansas. "The power * * * conferred upon the state court may be exercised by the federal District Court." Guardian Savings & T. Co. v. Road Imp. District, 267 U.S. 1, 45 S.Ct. 201, 69 L.Ed. 487.

It is true that orders made by the district court since the decree and set forth in the motion seem on their face to be in form adapted to receivership proceedings, but none of them is here for review or consideration. The conclusion of law made

by the district court ruling on the motion involved here was that "A federal court of equity may grant relief in accordance with Act [of Arkansas] 46 of 1933." Such conclusion was proper and clearly indicates that the district court now holds strictly in mind the provision of Act 46 of 1933 that "no court shall appoint a receiver to collect * * * drainage * * * taxes" and proceeds in the enforcement of its decree in accordance with the mandatory injunction provisions of that Act as such provisions have been construed by the Arkansas Supreme Court in Dickinson v. Mingea, supra, and Rogers Paving, etc., District v. Swofford, 193 Ark. 260, 99 S.W. 2d 577. The many contentions argued and briefed have been fully considered but we find no error in the order appealed from.

Affirmed.

JOHNSEN, Circuit Judge (concurring separately).

I read the majority opinion to hold that our affirmance in Kersh Lake Drainage District v. State Bank & Trust Co., 8 Cir., 92 F.2d 783, does not purport to create or authorize any receivership for the affairs of the District; that no such receivership can properly be said to exist under the terms of the lower court's decree, which we affirmed; and that there is accordingly nothing to constitute the legal subject of a motion for receivership termination. On the basis of this construction, I concur in the affirmance of the order overruling appellant's motion, which it is here sought to have reviewed.

I believe, however, that another note also should be struck. Under the mandatory injunction decree, which we affirmed in 92 F.2d 783, the district court, in my opinion, could go no further than to compel the commissioners of the District to perform their statutory duties in tax collection and to make application of any properly available tax funds to the satisfaction of the previously entered judgment. The record before us indicates, however, that there have been ancillary orders entered by the district court, which go beyond the scope of the power and the function which I have indicated, and it is these orders which have caused appellant to assume that the court was attempting to carry on a receivership of the District under its mandatory injunction decree, in violation of Act No. 46, Arkansas Acts of 1933 (Pope's Ark. Dig.

§ 4591), Drainage District No. 2 v. Mercantile-Commerce Bank & Trust Co., 8 Cir., 69 F.2d 138, and Dickinson v. Mingea, 191 Ark. 946, 88 S.W.2d 807. I think it should be specifically stated that the affirmance now made carries no approbation of any such or similar orders and no warrant for a repetition of them.