SCHUMAN v. EDDY.

4-7465          184 S. W. 2d 57

Opinion delivered November 20, 1944.

*E. A. Williams* and *A. L. Rotenberry,* for appellant.

*Chas. C. Eddy* and *G. B. Colvin,* for appellee.

HOLT, J. Appellee, Dr. J. D. Eddy, on behalf of himself and all other taxpayers and property owners similarly situated in Conway county, brought this suit to cancel and set aside a deed to 147.20 acres of land within the district executed by the secretary and president of the Bridge District on December 2, 1941, to appellant, Manie Schuman, for a consideration of $9.75.

Appellee alleged that title to the land in question was acquired by the Bridge District December 13, 1940, by foreclosure proceedings for the tax due on the unpaid betterment assessments for the year 1936; that the secretary and president of the Bridge District, without authority from the Board of Commissioners of the District, and for a grossly inadequate 'price, executed the deed, *supra,* to appellant, Schuman, and prayed for a cancellation of the deed. Appellant answered with a general denial. Upon a trial, the court canceled appellant's deed as prayed by appellee, and from the decree comes this appeal.

This is the second appeal in this case. The cause reached this court on the former appeal (*Eddy* v. *Schuman,* 206 Ark. 849, 177 S. W. 2d 918) from a decree sustaining Mr. Schuman's demurrer to Dr. Eddy's complaint. On the former appeal, the demurrer alleged that the complaint did not state a cause of action. We held that a cause of action was stated and reversed the decree.

On remand, the cause was submitted on the same complaint and amendments of appellee as appeared on the former appeal, the answer of appellant, *supra,* and testimony.

The essential facts are: Appellee, Eddy, is a property owner within the Bridge District in question. The Bridge District by appropriate foreclosure proceedings obtained title to the 147.20 acres of land in question December 13, 1940, for assessments due in 1936. The secretary and president of the Bridge District executed and attempted to convey by quitclaim deed the land to appellant for a consideration of $9.75. The land, at the time it was sold to appellant, was worth approximately $1,000. June 12, 1935, the Board of Commissioners of the Bridge District in question adopted the following resolution: "Whereas, foreclosure has been had on certain lands of the district for the delinquent taxes, and sale has been made and the district has purchased certain of the delinquent lands, and

"Whereas, from time to time it will be necessary for the district to execute deeds to the lands to purchasers from the district by the owners or others to clear the title, and

"Whereas, certain lands of the county are in the U. S. Government Reserve, and parties owning lands in this reserve, will from time to time want to deed same to the U. S. Government, and in order to make such conveyances, not only all former taxes, but also all future taxes must be paid to effect such transfer, and other parties will no doubt desire to pay all their future taxes and get a release from the district in order to perfect their titles. Therefore BE IT RESOLVED, by the board of commissioners of the Conway County Bridge District that the president and secretary of said board, be and they are hereby authorized to execute such deeds to any of the lands so purchased by the district to any person who may desire to pay all taxes due up to the time of purchase. And

"BE IT FURTHER RESOLVED, That on payment of all past and also all estimated future taxes, that the

said secretary and chairman are authorized to execute deeds to any interested party upon payment of said past and future taxes and grant a release from further liens or taxes. Passed and approved by the Board of Commissioners of Conway County Bridge District, on the day and date first above written. E. E. Mitchell, Chairman, L. T. Oates, Secretary.''

Whatever authority the president and secretary of the Bridge District had to execute the deed to appellant in question must be gathered from the above resolution of the Board of Commissioners of the District.

We think it was the clear intent and purpose of the commission in adopting this resolution, and its effect, to grant to all property owners within the district, or to all persons having any interest in the title to such property, the right to redeem ''upon payment of said past and future taxes,'' and that this right was not extended by the resolution to such a party as appellant, Schuman, in the instant case. We fail to find in this record any authority granted by the Bridge Commissioners to its president and secretary to convey the land in question to appellant for the taxes only. While the Commissioners had the authority to empower its president and secretary to convey property within the district, title to which was held by the district, to a third or disinterested party, such as appellant here, the resolution authorized that conveyance for the nominal consideration of the taxes only, to persons having an interest in the land for the purpose of clearing the title thereto, it was not intended to authorize a conveyance for this nominal consideration to a person having no interest in the land at the time of the purchase.

Finding no error, the decree is affirmed.