SHINAULT *v.* WELLS.

4-7538                                    186 S. W. 2d 26

Opinion delivered February 19, 1945.

*Smith & Judkins* and *Blackford & Irby,* for appellant.

*W. E. Beloate, Sr.,* for appellee.

SMITH, J.   A petition was filed by the state to confirm the title it had acquired to certain lands and town lots in the Eastern District of Lawrence county, through the forfeiture to it for the nonpayment of the general taxes for the year 1938.   Mrs. Fairbelle Mitchell intervened in this proceeding and alleged her ownership of certain of these lots, and prayed.that she might redeem them, it being alleged by her that the tax sale to the state was void, for the reason that proper notice of the sale had not been given, and this allegation does not appear to be in dispute.   She filed a cross-complaint against Homer Shinault and W. H. Golden, in which she alleged that each of these parties had purchased certain of her lots from the state, and she prayed the cancellation of the deeds to them from the State.   She also alleged that the said Shinault and Golden had purchased the same lots from the Village Creek Drainage District, and she made proof of a tender of sums of money in excess of the amount necessary to redeem the lots, if that right exists.

Shinault and Golden filed answers asserting their title under the respective deeds to them from the State. They alleged further that these lots claimed by them had been returned as delinquent for the taxes due the Village Creek Drainage District, and had been sold pursuant to a decree foreclosing the lien of the district, and had been conveyed to the drainage district by the commissioner who made the sale.

The commissioners of the drainage district had passed a resolution appointing R. B. Warner its attorney-

in-fact, authorizing him to collect delinquent taxes, and to sell and convey lands and lots which theretofore had been conveyed to the district under decrees foreclosing its lien. A power-of-attorney was executed by the district under date of June 27, 1938, conferring the authority upon Warner to execute these powers, and he sold and executed deeds to Shinault and Golden for the lands which they claim.

At the time of filing her intervention, Mrs. Mitchell was, and for ten or twelve years prior thereto had been, a nonresident of the state, but she had given a power-of-attorney to John Neidemire to rent her town property and to collect the rents. She alleged that she had been in possession of these lots for many years past, and for more than seven years; but this allegation, whether true or false, is unimportant, as it is admitted that she had the original title to the lots here in question. She, therefore, had the right under this title to intervene in the confirmation suit if she had the original title or, for that matter, any title, legal or equitable, at the time of her intervention.

It appears that these lots became delinquent and were sold to the drainage district under a decree rendered April 24, 1934, and that the district later sold the lots described in the intervention to Clay Sloan on February 16, 1937. It is said that this purchase by Sloan was a mere redemption, as he was a mortgagee in possession; but no testimony appears to sustain that contention, and, so far as the record before us shows, Sloan acquired title to the lots. In purchasing these lots Sloan was required to pay the taxes for which the lots sold and, in addition, the 1937 taxes, which were then due. After purchasing these lots Sloan failed to pay the 1938 drainage taxes, and a decree was rendered in July, 1939, foreclosing the district's lien for these 1938 taxes, pursuant to which decree the lots were sold to the district on December 16, 1939.

The act of the General Assembly, No. 40 of the Acts of 1920, Vol. 1, p. 341, pursuant to which the district was organized and the foreclosure decree rendered, granted

a right of redemption in § 22 of that act, to be exercised within two years "from the time they (the lands or lots) are stricken off by the commissioners making the sale."

Mrs. Mitchell, the original intervener, died and the cause was revived September 4, 1943, in the name of Juanita Wells, her daughter and sole heir-at-law, who adopted the pleadings of her mother and, in addition, alleged that the 1938 decree pursuant to which the lots had been sold to the district was void, because excessive costs had been charged; but neither the daughter nor her mother had offered, within two years from the date of the sale, to redeem from that sale. The allegation is that the sale was void because of the excessive costs of sale. Other allegations of irregularities in this suit were alleged; but they come too late after the confirmation of the sale, which occurred September 17, 1940. The decree from which is this appeal awarded the right of redemption, having held that the deed to the State was invalid through failure to give proper notice thereof. The decree also held that the deeds to Shinault and Golden from Warner, attorney-in-fact for the district, were void, for the reason that the power-of-attorney, pursuant to which Warner executed the deeds, only authorized him to sell lands previously acquired, and not lands thereafter acquired. The decree adjudged that Warner's deeds to Shinault and Golden were void as having been executed without power to do so. In this respect we think the decree was correct, whether the power-of-attorney was valid or not, as it only authorized the conveyance of lands and lots owned by the district acquired prior to the execution of the power-of-attorney. *Schuman* v. *Eddy,* 207 Ark. 925, 184 S. W. 2d 57. But, even so, the fact that Warner's deed did not convey the title, does not operate to vest title in the intervener. If these deeds were not effective to convey the district's title, it remained in the district.

Did the right of redemption exist? Ordinarily, where a period of time is allowed for redemption, the time is computed, not from the date of the sale, but from the date of the confirmation thereof. *Lumkins* v. *Johnson,* 61 Ark. 80, 32 S. W. 65; *Gavin* v. *Ashworth,* 77 Ark. 242, 91

S. W. 303; *Johnson* v. *Taylor,* 140 Ark. 100, 215 S. W. 162. Other and later cases are to the same effect.

But the right of redemption is a privilege, which may be granted or withheld, and, when granted, must be exercised within the time and manner provided by law, and the applicable law provides that the redemption must be made within two years "from the time they (the lots) are stricken off by the commissioners making the sale." Here, the sale was made December 16, 1939. The intervention, filed May 28, 1943, was accompanied by an affidavit alleging that tender was made April 26, 1942, which was, of course, more than two years subsequent to the date of sale and not, therefore, within the time allowed by law.

We conclude, therefore, that Mrs. Mitchell did not have title when she filed her intervention, having lost it through the foreclosure proceedings above referred to, and her daughter, in whose name the proceedings were revived, acquired no greater title or interest by inheritance from her mother than the mother herself possessed.

The decree must, therefore, be reversed, and the cause will be remanded, with directions to dismiss the intervention as having been filed by a person who had no title to or interest in the lots at the time the intervention was filed.