SCHUMAN *v.* CHERRY.

4-8851                                                          220 S. W. 2d 817

Opinion delivered May 23, 1949.

Rehearing denied June 13, 1949.

*Wm. J. Kirby* and *U. A. Gentry,* for appellant.

*Tilghman E. Dixon, J. H. Carmichael, Jr.,* and *J. H. Carmichael, Sr.,* for appellee.

Ed. F. McFaddin, Justice. This appeal stems from the effort by appellees, as heirs of the original property owner, to have their title declared superior to that of appellant, Ed Pinkert, who holds by mesne conveyances from the improvement district which purchased the prop-. erty at the commissioner's sale for the foreclosure of the delinquent assessments.

The three vacant lots here involved were situated in Sewer Improvement District No. 94 of Little Rock (hereinafter called district). In June, *1927,* the district filed suit in the Pulaski Chancery Court to foreclose the district's lien for the delinquent assessments due on the three lots. Other properties (over 340 tracts in all) were included in the same suit, and the foreclosure decree was not rendered until November, *1937,* being more than ten years after the suit had been filed. The said foreclosure decree recites, as regards service:

"And it appearing to the court that due service of process has been had upon each of the defendants, for the time and in the manner prescribed by law, . . . and that a list of all delinquent property in plaintiff improvement district, for the assessments levied for the various years from 1924 to 1934, inclusive, by warning order of notice of the pendency of this suit, has been given by publication for four consecutive weeks, listing the names of the last known owners, the lots, blocks, parcels and land and other property in said district, and the amounts due thereon, for the years against which said property is delinquent."

From the above recital it appears that there was not only (a) service on the delinquent property owners as required by the law when the suit was filed in 1927, but also (b) service by publication as required by the

law when the decree was rendered;[1] so no question is posed in this case as to the sufficiency of the service in the foreclosure suit. The benefits on these three lots were unpaid from 1924 to 1934, inclusive; the delinquent assessments totaled $130.20 and the penalty was $26.04. In the foreclosure sale conducted by the commissioner in chancery, the district bid for the three lots the said amount of the delinquent assessments, penalty and costs; and a certificate of purchase was issued to the district.

In 1943, this certificate of purchase—with the approval of the chancery court—was sold to James Newsome for $5.50. This sale and the circumstances surrounding it will be discussed in topic II, *infra*. During the period allowed by law for redemption,[2] the said certificate of purchase was transferred by Newsome to Jack Barry, and by Barry to W. I. Stout, trustee. On October 12, 1943, the commissioner in chancery executed to W. I. Stout, trustee, the deed which described the three lots here involved; and that deed was on the same day acknowledged in open court and approved by the chancery court, and delivered to W. I. Stout, trustee. In 1944, for a valuable consideration, Stout conveyed the three lots to Ed Pinkert, one of the appellants in this court. The other appellant, here, is Manie Schuman, who claimed under a tax title now conceded to be void, so Pinkert is the real appellant and the only one with an interest. We will hereinafter refer to him as "the appellant."

On April 10, 1948, the appellees herein filed the present suit, and alleged (a) that the three lots were sold for a wholly inadequate price at the foreclosure sale; and (b) that the assignment of the certificate of purchase from the district to Newsome for $5.50 was

---

[1] Section 5673, *et seq.*, Crawford & Moses' Digest, prescribed the type and manner of service in municipal improvement district foreclosures in 1927. Act 207 of 1937 (now found in § 7311, *et seq.*, Pope's Digest) was in effect when the decree was rendered in November, 1937.

[2] The district in this case was a municipal improvement district, and the period for redemption of such district when organized under the general statute, is five years from the date of sale, as explained in Hopkins v. Fields, 202 Ark. 890, 154 S. W. 2d 22. This will be discussed in topics II and III, *infra*.

wholly void, not only because of price, but also because of the intervention of a receiver appointed by the chancery court. The case was heard on oral and documentary evidence, and a decree was rendered on September 23, 1948, adjudging the title to the three lots to be in the appellees, free of all claims of appellant. This appeal challenges that decree.

From the foregoing recitals it appears that there was a long-delayed foreclosure suit by a municipal improvement district; a sale of the three lots to the district for the delinquent assessments, penalty and costs; a transfer of the certificate of purchase during the period of redemption; the expiration of the period of redemption; a deed by the commissioner in chancery to the holder of the certificate of purchase; the approval of said deed by the court; and the delivery to the grantee. The burden was on the appellees as plaintiffs in the trial court to show fatal defects in the proceedings of foreclosure. We therefore consider the contentions relied on by the appellees.

I. *Amount for Which the Property was Sold at the Foreclosure Sale.* The three vacant lots here involved were worth at least $1,800 at the time that they were sold to the district at the foreclosure sale for $156.24. Appellees claim that the sale was void because of this inadequacy of price; but we find this contention to be without merit. In Nash v. Delinquent Lands, 111 Ark. 158, 163 S. W. 1147 it was claimed that an improvement district foreclosure sale was void because the land was sold for an inadequate price. In denying that contention, we said:

"The law authorized the lands to be proceeded against 'for the collection of such assessments, installments, interest and fee and costs due thereon.' There was no evidence tending to show that the lands were offered for sale or sold for less than the amount owing and due thereon, as declared by the court in its decree. Where the law authorizes land to be sold for taxes, penalty, interest and costs as determined by the court in its decree to be due against the lands, if the lands,

when offered at public sale upon open and free competitive bidding, bring no more than that amount, it cannot be said that the purchaser who offers such amount for the lands, and whose offer has been accepted, has paid an inadequate price."

Furthermore, section 5 of Act 207 of 1937 (as found in § 7317, Pope's Digest) says of improvement district foreclosure sales: "At such sale if there be no purchaser offering as much as the total tax or assessment, plus penalty, interest and all costs and attorney fees allowed, then said property shall be struck off to the plaintiff." The holding in the foregoing case, as well as the plain wording of the quoted statute, shows that all that a district is required to bid at a foreclosure sale is the amount of the delinquent assessment, penalty and cost. Such was the bid of the district in this case; and no fraud or collusion is alleged, so the appellees cannot now be heard to claim that the property was sold for an inadequate price at the foreclosure sale.[1]

II. *Appellees' Claim Regarding the Receivership.* After the purchase of the three lots at the foreclosure sale, and pending the period of redemption, the district filed a petition in the foreclosure suit praying that the chancery court appoint a receiver to take charge of the properties sold (there were over 340 tracts involved in the sale), and to collect the rents thereon. The chancery court did appoint such a receiver, and the order of appointment (on June 1, 1938) directed the receiver: ". . . after he shall have taken the oath required by law, and shall have executed a bond in the sum of $2,000, to take in charge and into his custody the property described in the order of confirmation entered in this case, together with all improvements thereon; . . ."

For some reason not explained in this case, the commissioners of the district delivered to the receiver the certificates of purchase received by the district at the foreclosure sale; and when the court approved the sale

---

[1] Section 9479, Pope's Digest, has not been overlooked. Even if it be valid and in force at the present time, it relates only to mortgage foreclosures, and does not affect sales by an improvement district, as is the situation here.

of the said certificates of purchase to James Newsome, it was done on the petition of the receiver. The said court order of August 20, 1943, reads:

"On this day is presented to the court the petition of the receiver, in which it is stated that he has been offered the sum of five and 50/100 ($5.50) dollars for each and every certificate of purchase outstanding in this suit and owned by the district. And the court, being well and sufficiently advised as to all matters of fact and law arising herein, doth hereby authorize the receiver to accept said bid from one James Newsome, to receive the money therefor, and to turn said money over to this court until further orders."

Appellees claim that the order appointing the receiver was void, and that such invalidity tainted all the proceedings in this case, and rendered null and void not only the sale of the certificates to Newsome, but also the deed executed by the commissioner in chancery to Stout, trustee. Appellees cite and strongly rely on Act 79 of 1933 (found in §§ 6540 and 7336, Pope's Digest, and § 20-1120, Ark. Stats. of 1947), which Act forbids the appointment of a receiver to collect the taxes due municipal improvement districts. The Act was fully discussed by this Court in Rogers Paving Dist. v. Swofford, 193 Ark. 260, 99 S.W. 577, which also is a case strongly relied on by appellees.

Even if—for the sake of argument and without deciding the question—we treat as void the appointment of the receiver in this case, nevertheless, the chancery court could have approved the sale of the certificates of purchase to Newsome without any receivership. The petition requesting such sale might just as well have been made by the commissioners of the district, or someone other than the receiver. The appointment of a receiver did not in any wise affect or render void either the foreclosure decree or the purchase of the property by the improvement district. Appellants gain nothing by their present contention, because the title to the lots would be in the district even if we should ignore the receivership, the sale of the certificates and· the deed to Stout; and

with the title in the district, appellants could not now redeem. In the case of Hopkins v. Fields, 202 Ark. 890, 154 S.W. 2d 22 we held that the time allowed a property owner to redeem, from a municipal improvement district foreclosure sale, was five years from the date of the sale. Appellees did not offer to redeem or file the present suit until nearly ten years from the date of the foreclosure sale. We therefore hold that the appellees' argument about the appointment of a receiver is without effective application to this case.

III. *The Sale Price of the Certificates.* Appellees contend that the sale of the certificates (totalling $156.24) to Newsome for $5.50 was so grossly inadequate as to constitute fraud; and appellees cite and rely on the cases of Eddy v. Schuman, 206 Ark. 849, 177 S.W. 2d 918 and Schuman v. Eddy, 207 Ark. 925, 184 S.W. 2d 57. These cases give the appellees no comfort. There, a property owner in the district claimed that the action of the commissioners had prejudiced the rights of all the property holders, and the prime purpose of the litigation was to protect the interests of the district and the property holders.

In the present suit, the district and the commissioners are not parties: so the Schuman-Eddy cases are not in point. Appellee's purpose is not to protect the rights of the district and property holders, but to obtain a title for the appellees. Again—for the sake of argument and without deciding the question—if we concede that the sale of the certificates to Newsome should be set aside, still that holding would return the certificates to the district and would not benefit the appellees, because— as heretofore stated—they had only five years from the foreclosure sale in which to redeem. See Hopkins v. Fields, 202 Ark. 890, 154 S.W. 2d 22. The time for redemption has long since expired, so appellees are not benefited, whether the title to the three lots be in the appellant or in the district.

What was said in Shinault v. Wells, 208 Ark. 198, 186 S.W. 2d 26 is apropos here. In that case an attack was made on a deed executed by an improvement district. We said:

"We conclude, therefore, that Mrs. Mitchell did not have title when she filed her intervention, having lost it through the foreclosure proceedings above referred to, and her daughter, in whose name the proceedings were revived, acquired no greater title or interest by inheritance from her mother than the mother herself possessed. The decree must, therefore, be reversed, and the cause will be remanded, with directions to dismiss the intervention as having been filed by a person who had no title to or interest in the lots at the time the intervention was filed."

Appellees in the case at bar failed to redeem within the time allowed by law, and so they have no title to or interest in the lots.

The decree of the chancery court is reversed, and the cause is remanded with directions to dismiss the complaint of appellees, and to adjudge all costs against them.