Roy A. DICKIE, Assignee of Whitaker & Co., Inc., Appellant,

v.

SEWER IMPROVEMENT DISTRICT NO. 1 OF DARDANELLE, ARKANSAS, et al., Appellees.

No. 17090.

United States Court of Appeals Eighth Circuit.

March 2, 1964.

S. L. White, Little Rock, Ark., made argument for appellant and filed brief.

Kenneth M. Parsley, Dardanelle, Ark., made argument for appellees and filed brief with Joe Goodier, Dardanelle, Arkansas.

Before JOHNSEN, Chief Judge, and MATTHES and RIDGE, Circuit Judges.

JOHNSEN, Chief Judge.

The appeal springs from an order closing a suit, which had been instituted in 1936 by appellant's assignor for recovery of a judgment on some defaulted bonds of an Arkansas Sewer Improvement District and for enforcement of the security thereof, consisting of a trust instrument (designated "mortgage") of assignment and lien on the assessed benefits from the improvement. The suit rested on diversity jurisdiction.

The court entered judgment on the indebtedness in 1937; appointed a receiver to make collection of the delinquent assessments; authorized the receiver to bring foreclosure proceedings on the security in the State Chancery Court; and reserved jurisdiction to make any additional orders that might be necessary or expedient. The receiver brought such proceedings in the Chancery Court in 1939; a decree was entered in 1941; and the properties were ordered sold, with the District becoming the purchaser of most of the parcels. Approval of the sales was made by the Chancery Court in 1941, and deeds were directed to be issued. Under the statute, the land owners were allowed a period of five years in which to make redemption.

No deeds were, however, issued to the District, nor was any attempt made otherwise to oust the land owners of their title and possession until 1956, when appellant, as assignee of the federal court judgment, filed a petition of intervention in the Chancery Court requesting that deeds be ordered to be issued forthwith to the District and that the properties then be subjected to the satisfaction of appellant's judgment. The Chancery Court made denial of appellant's petition and decreed instead that computation be made of the amounts of the delinquencies

as to all of the properties and that the owners be granted 90 days after the filing thereof in which to make redemption for the amount of the delinquencies and interest.

An appeal was taken to the Supreme Court of Arkansas and that Court affirmed (except that it made increase of the interest rate), holding in effect that the allowing of such a further time for redemption, beyond the statutory period of five years, was in the situation of assessment foreclosure involved, with the property having been purchased by the District, and with issuance of deed not yet having occurred, valid under Arkansas law and was within the power of the Chancery Court to decree. Whitaker & Co. v. Sewer Improvement District No. 1 (1958), 229 Ark. 697, 318 S.W.2d 831.

Thereafter, in 1960, appellant filed an ancillary pleading in the federal court suit, captioned "petition for review of case and for rule on defendant [District] to show cause", seeking to have the land owners brought in as parties and to have them show what title, if any, they had to the properties in view of the 1941 sale; to have the Commissioners of the District file report of what actions they had taken in the situation; to have the court order the Commissioners to take charge of the properties, collect rentals thereon, and present a plan for the liquidation of appellant's judgment; or in the alternative to award appellant a writ of execution against the properties on the basis of his judgment. The District filed an answer showing that all of the land owners except one had made redemption of the properties under the Chancery Court's decree and further stating that the Commissioners of the District were then engaged in effecting collection of such assessments as still remained.

The District Court entered an order denying appellant's petition. It regarded the primary object of the petition as being to have the federal court ignore the decree of the Arkansas courts which had allowed the land owners additional

time to redeem; to have it treat the 1941 sales, the approval made of them at the time, and the lack of redemption during the statutory period, as having vested absolute legal title in the District; and to have it deal with the properties upon that basis in relation to appellant's judgment. The court declared that, in intervening and seeking relief, appellant was adjudicatively bound by the Chancery Court's decree and the Arkansas Supreme Court's affirmance thereof, "and may not re-litigate the matter here".

It will be noted that the court's denial of appellant's petition was made in 1960. Appellant filed a timely notice of appeal from the order, but later had the court make dismissal of the appeal under the provisions of Rule 73(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Appellant apparently came to the conclusion that the court's 1960 order did not constitute a "final decision" within 28 U.S.C.A. § 1291 and that it first became so upon the entry of the court's order closing the case in 1962. He therefore is attempting to have us now review the denial which was made of his petition in 1960. He points out that the District Court similarly regarded its order closing the case as imparting such finality by providing in its "Memorandum and Order" that "All the issues between the parties have now been adjudicated, and the case should be closed, subject to the right of any affected party to appeal from any Order adversely affecting him".

There may be a question as to whether the 1960 order, in holding the decree of the Arkansas courts as to redemption rights of the property owners to be res adjudicata, and in refusing to award execution against the properties as being on that basis not owned by the District, was not of such nature as to have made it appealable under 28 U.S.C.A. § 1291 at the time. On the other hand, it is possible to argue that there is no compelling reason why it should be so regarded, in view (a) of the court's apparent concept and intent, as indicated above, that its orders on collateral incidents were not to be thus final until the closing of the case; and (b) of the fact that appellant's judgment might perhaps become satisfied otherwise before the case was closed, so that there would be no reason why an appellate court should be called upon to deal with the matter of prejudice until closing of the suit occurred. We feel warranted in accepting these practical considerations in the situation and so shall not pursue the question further.

The basic grievance at which the appeal is directed is the recognition which the District Court gave to the Chancery Court's decree; its holding that the decree was res adjudicata as to the land owner's right to redeem from the District's purchase of the property; and its refusal on this basis to award appellant execution upon his judgment against the properties as not having become vested in the District.

The substance of the argument made is that the state court's action in allowing redemption by the property owners after five years was illegal under the Arkansas statutes; that it was an improper deprivation of appellant's right under his judgment to have execution issued and levied upon the properties as being vested in and owned by the District and hence constituted a violation of due process; that the decree was therefore constitutionally void; and that it was error for the District Court to refuse so to hold.

The District Court was, of course, neither required nor entitled to give full faith and credit to the state court decree, if it was constitutionally void. Old Wayne Mut. Life Ass'n. v. McDonough, 204 U.S. 8, 23, 27 S.Ct. 236, 241, 51 L.Ed. 345; Griffin v. Griffin, 327 U.S. 220, 228–229, 66 S.Ct. 556, 560, 90 L.Ed. 635. We do not believe, however, that the decree could be held to be thus invalid.

Owners of land sold for delinquent installments due an Arkansas Municipal Improvement District have by legislative act

been given a legal "right to redeem at any time within five [5] years from the date of sale". Ark.Stats.1947, § 20–446.1. See also Schuman v. Cherry, 215 Ark. 342, 220 S.W.2d 817. Unless the sale proceedings are themselves defective, a land owner is, after the expiration of the time allowed by the statute, without basis to seek to make redemption as a matter of right. Beck v. Rhoads, 235 Ark. 619, 361 S.W.2d 545.

The fact, however, that the statute does not allow redemption as a matter of right after five years does not make it a federal constitutional violation for the Arkansas Supreme Court to construe the statute as not precluding the granting of a privilege of redemption by the Chancery Court, beyond the five years, as a matter of judicial grace, in a situation of equitable circumstances, where no vested legal right is thereby impaired. Construction of the Arkansas statutes is for the Arkansas courts, and such construction is not a matter of federal concern if it does not abortively deny recognition to and vindication of plainly vested legal rights so as to violate due process or equal protection under the Fourteenth Amendment.

We need not here consider whether, if the situation had been one in which there had been an issuance of deeds under the statute and the five-year period of redemption had expired, the Arkansas courts could, without violation of the Fourteenth Amendment, deprive the purchaser of the legal-title rights purporting to be vested by the statute in these circumstances (or whether judgment creditors of the purchaser could be thus collaterally prejudiced) by the granting of a redemption extension. We intend no intimation either way upon that question.

The Arkansas Supreme Court, as we read its opinion, did not hold that, under § 20–446.1, supra, and § 20–444, post, in a situation where approval of sale had been made, deed had been issued, and five years had gone by, legal title would not have become so vested and absolute as to preclude the granting of an auxiliary privilege of redemption by the Chancery Court. It need here be observed only that, under the language of § 20–444, directing that deed be issued by the commissioner, and providing that the effect thereof shall be that "the title to such property shall *thereupon* become vested in such purchaser as against all others whomsoever * * * " [emphasis added], it would appear that, without and until such issuance of deed, the purchaser could not claim to be vested with actual legal title, and hence equitable hold could still remain.

Our decision that what the Arkansas courts did in the situation here was not constitutionally invalid, and that the decree of the Chancery Court and its affirmance by the Supreme Court were therefore required to be accorded full faith and credit, makes it unnecessary also for us to consider whether, if the holding and decree of the Arkansas Courts had been invalid as against the District, appellant would still not be entitled to ask to have execution issued and levied on the properties as against the District, in view of the redemptions which the District had allowed to be made and which seemingly could not be said to involve fraud or bad faith between it and the land owners as a basis on which to predicate judgment-creditor reach.

Further, we have not deemed it material to set out the equities which prompted the Chancery Court to exercise grace in the particular situation. These can be found in the opinion of the Arkansas Supreme Court, supra, 229 Ark. 697, 318 S.W.2d 831. Other matters as to which interest may perhaps be collaterally awakened appear in our opinion in Whitaker & Co. v. Sewer Improvement District No. 1, 8 Cir. (1955), 221 F.2d 649.

We shall only add that, of course, neither the fact that appellant is here being held to be without federal right to have execution issued and levied upon the properties purchased by the District and redeemed under the Chancery Court's decree, nor the fact that the District

**300**

Court has closed the case on its records as to the incidents involved before it since the suit was instituted, is meant to preclude appellant from any remedies, either in law or in equity, which may exist otherwise for obtaining satisfaction of his judgment.

Affirmed.